## THE CITY OF NEW ORLEANS, PLAINTIFF IN ERROR, *v.* MYRA CLARK GAINES.

Where streets were opened in New Orleans, a sum of money, as indemnity, was allowed to G, as being the supposed owner of the property condemned.

D claimed to be the owner of the property, and brought a suit against the city for the money, in which suit G was cited for the purpose of having the question decided, to whom the property belonged, and judgment was rendered against the city in favor of D.

Afterwards, G brought a suit in the Circuit Court of the United States, and the city pleaded the former judgment in bar.

But, as these facts were not given in evidence upon the trial, nor did the judge make any statement of facts found by him, the record presents only the judgment against the city in favor of G, and there is no ground of error upon which this court can reverse the judgment.

This case was brought up by writ of error from the Circuit Court of the United States for the eastern district of Louisiana.

The facts of the case are stated in the opinion of the court.

It was argued by *Mr. Benjamin* for the plaintiff in error, and by *Mr. Phillips* for the defendant, upon which side there was also a brief filed by *Mr. Perin.*

*Mr. Benjamin,* before proceeding to the argument, referred to an agreement of counsel, which had been filed, to make a part of the case.

The record in this case shows that the cause was tried before the judge, under the Louisiana practice, without the intervention of a jury, and, as originally printed, contained no statement of facts which could form a substitute for a verdict, so as to enable this court to correct any error of law that might be apparent in the decision of the lower court. This defect has been supplied by the consent of counsel, since filed, which shows that the case was decided below exclusively on the written deeds and record evidence, copied at length into the transcript filed in this court, and the proper construction of these deeds and records and their legal effect being matters of law, afford the court the necessary basis for the exercise of its revisory powers.

*Mr. Phillips* said that all he knew about the agreement was, that *Perin* signed it, understanding the court would grant a *certiorari.* *Mr. Perin* says that the agreement was solicited and obtained from him long after the transcript had been filed in this court. But he could not imagine that that paper would be offered as a substitute for bills of exceptions to the reception or rejection of evidence, or to an agreed statement of

facts, which should have been reserved or made on the trial of the cause.

*Mr. Phillips* then proceeded, as *Mr. Benjamin* had done before, to discuss the merits of the cause; but, as the admission of this agreement was a necessary preliminary to the discussion of the merits, and as this agreement was entirely passed over in the opinion of the court, the reporter refrains from admitting the argument of the merits upon either side.

Mr. Justice CATRON delivered the opinion of the court.

The city of New Orleans instituted proceedings by suit in a city court, pursuant to a statute of Louisiana, for opening two streets in the city, and appropriating the private property requisite for that purpose; and on the tableau of assessment, certain squares of ground were put down as belonging to Mrs. Gaines, and the damages done to owner fixed at $2,363.

The assessment was decreed to Mrs. Gaines by the court where the proceeding was had; and she brought suit on this judgment against the city, in the United States Circuit Court.

The defendant, (the city,) by its answer, admitted the proceeding, and the damages assessed on the property described in the petition; but, in avoidance of the demand, averred that a suit had been brought by one Durell against the city, claiming that he was the true owner of the property through which the streets run, and which the commissioners of assessment had supposed to be owned by Mrs. Gaines, and demanding payment to him of the damages claimed by her; that in the suit so brought by Durell, Mrs. Gaines had been personally cited as a party, at the instance of the city, for the purpose of having the question decided between her and Durell, as to the ownership of the property, and as to their respective claims on the city for the sum awarded; and that in said suit judgment was rendered, determining the question in favor of Durell; and this judgment is pleaded in bar of the present suit.

Various documents were exhibited with the answer, and filed in the Circuit Court, on behalf of the city, including a record of the suit by Durell against the city, and the recovery

of the damages for extending the streets; but nothing appears in the record showing that these documents were given in evidence on the trial; nor did the judge before whom the cause was heard make any statement of the facts found by him, as the usual practice is, where the Circuit Court in Louisiana tries issues of fact without the intervention of a jury.

The cause as presented to us simply shows a judgment in Mrs. Gaines's favor, with regular pleadings to warrant it; and beyond this, contains nothing that this court can notice, as a court of error.

It is ordered that the judgment below be affirmed.